# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADCAST MUSIC, INC.;<br>EMI BLACKWOOD MUSIC INC.;<br>SONG A TRON MUSIC;<br>MYAT PUBLISHING;<br>R2M MUSIC (LUX) S.A.R.L. d/b/a R2M MUSIC;<br>UNIVERSAL-SONGS OF POLYGRAM INTER-<br>    NATIONAL, INC.;<br>FUEL PUBLISHING INC. d/b/a PENER PIG PUBLISHING<br>    and<br>TOY BAND MUSIC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|           Plaintiffs, | ) CIVIL ACTION NO.: _____<br>) |
|     v. | )<br>) |
| D.& B. CORP. d/b/a GOLDEN BANANA<br>    and<br>MARK FILTRANTI, individually, | )<br>)<br>)<br>) |
|           Defendants. | )<br>) |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows. All factual allegations contained herein concerning the plaintiffs are made on knowledge; all other allegations are made on information and belief.

### JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

1.      Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

2.      The other plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit.  All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

3.      Plaintiff EMI Blackwood Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

4.      Plaintiff Song A Tron Music is a partnership owned by Allen George and Fred McFarlane.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

5.      Plaintiff MYAT Publishing is a sole proprietorship owned by Stevie Hill.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff R2M Music (Lux) S.A.R.L. is a corporation d/b/a R2M Music.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff Universal – Songs of Polygram International, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.      Plaintiff Fuel Publishing Inc. is a corporation d/b/a Pener Pig Publishing.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.      Plaintiff Toy Band Music is a sole proprietorship owned by Ishmael Ledesma.  This Plaintiff if the copyright owner of at least one of the songs in this matter.

10.      Defendant D. & B. Corp. is a corporation organized and existing under the laws of the state of Massachusetts, which operates, maintains and controls an establishment known as Golden Banana, located at 151 Newbury Street, Peabody, Massachusetts 01960-3812, in this district (the "Establishment").

11.      In connection with the operation of this business, defendant D. & B. Corp. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12.      Defendant Mark Filtranti is the sole officer and director of defendant D. & B. Corp. with primary responsibility for the operation and management of that corporation and the Establishment.

13.      Defendant Mark Filtranti has the right and ability to supervise the activities of defendant D. & B. Corp. and the Establishment, and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

14.      Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 13.

14.      Plaintiffs allege four (4) claims of willful copyright infringement, based upon defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against

3

defendants.

15.     Annexed as Schedule A and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the Plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 stating the date(s) of infringement; and Line 8 identifying the name of the Establishment where the infringement occurred. All references hereinafter to "Lines" are to lines on the Schedule.

16.     Each of the musical compositions identified on the Schedule, Line 2, was created by the persons named on Line 3.

17.     On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

18.     On the dates listed on Line 7, plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2.

19.     On the dates listed on Line 7, the plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

4

20.     On the date(s) listed on Line 7, defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at on the premises of the Establishment without a license or permission to do so.  Thus, defendants have committed copyright infringement.

21.     The specific acts of copyright infringement alleged, as well as defendants' entire course of conduct, have caused and are causing plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, defendants threaten to continue committing copyright infringement.  Unless this Court restrains defendants from committing further acts of copyright infringement, plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages for each claim of infringement, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)    Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted:

Date:   October 28, 2011                              BROADCAST MUSIC, INC., et al,
                                                      Plaintiffs,

5

By their attorney,


/s/ William S. Strong
William S. Strong, Esq., BBO #483520
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts  02114
Tel: (617) 227-7031
Fax: (617) 367-2988
strong@kcslegal.com